# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00050-CV

---

**Robert Joseph Yezak, Appellant**

**v.**

**Benitia J. Yezak, Appellee**

---

### FROM THE 296TH DISTRICT COURT OF COLLIN COUNTY
### NO. 296-52069-2020, THE HONORABLE JOHN R. ROACH, JR., JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In January 2022, this Court received appellant Robert Joseph Yezak's notice of appeal purporting to appeal from the trial court's order "granting nonsuit in cause number 36,677 in Milam County." The district clerk from Milam County has provided this Court with a copy of an August 2020 order transferring the underlying suit from Milam County to Collin County.

On April 8, 2022, this Court notified appellant that it appeared that this Court does not have jurisdiction over this appeal because it arises out of a case from Collin County. *See* Tex. Gov. Code § 22.201(d) (listing counties within Third Court of Appeals District), (f) (listing counties, including Collin County, within Fifth Court of Appeals District). We requested a response from appellant, asking him to explain how we may exercise jurisdiction over this appeal. Appellant has filed a response, but he has failed to demonstrate this Court's jurisdiction over this appeal. Appellant states that he is appealing "the decision of the Milam

County Court to transfer the case out of Milam County," but he concedes that the case was transferred. Because the underlying suit was pending in Collin County when appellant filed his notice of appeal, we dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: June 10, 2022

---

[1] We further observe that to the extent appellant seeks to appeal the Milam County trial court's transfer order as an interlocutory appeal, his notice of appeal would not be timely, *see* Tex. R. App. P. 26(b) (requiring notice of accelerated appeal to be filed within 20 days after order is signed), and even if it had been timely filed, the transfer order is not subject to interlocutory appeal, *see* Tex. Civ. Prac. & Rem. Code § 15.064(a) (providing that there is no interlocutory appeal from trial court's venue determinations); Tex. R. Civ. P. 87(6) (providing that "[t]here shall be no interlocutory appeals from [a determination on a motion to transfer venue]").